**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DENNIS GUY ERDMAN,

        Petitioner,

                                      CASE NO. 94-CV-74600-DT

v.

                                      PAUL D. BORMAN
JIMMY STEGALL,                          UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR**
**(1) RELIEF FROM JUDGMENT,**
**(2) LEAVE TO FILE AN AMENDED HABEAS PETITION, AND**
**(3) REVIEW UNDER PRE-AEDPA STANDARDS**

**I.  Introduction**

Habeas petitioner Dennis Erdman has been convicted of felonious assault, MICH. COMP. LAWS § 750.82, and carrying a concealed weapon (CCW), MICH. COMP. LAWS §750.227.  On November 9, 1989, he was sentenced to concurrent terms of 1½ to 5 years for the CCW conviction and 1½ to 4 years for the felonious assault conviction.  In an unrelated case, he was convicted of vehicular manslaughter and sentenced on December 8, 1989, to imprisonment for 6 to 15 years.  That sentence was expected to run consecutively to the sentences for Petitioner's felonious assault and CCW convictions.

Petitioner initiated this action in November of 1994, by filing an application for the writ of habeas corpus under 28 U.S.C. § 2254.  He challenged all three state court convictions, alleging that (1) his sentences should have run concurrently, (2) the presentence report was inaccurate and his sentence was excessive and disproportionate, (3) his guilty plea was

involuntary because he was promised probation, and (4) he was denied effective assistance of trial and appellate counsel.

The Court struck all references to the manslaughter conviction from the habeas petition because that conviction was the subject of another lawsuit. On June 28, 1996, the Court denied Petitioner's habeas petition. The Court stated that Petitioner's first two claims were moot because his maximum sentences for the convictions under attack had expired. The Court found no merit in Petitioner's other claims.

The United States Court of Appeals for the Sixth Circuit denied Petitioner's subsequent application for a certificate of appealability. Petitioner sought further relief in this Court, in the Court of Appeals, and in the Supreme Court, but without success. Currently pending before the Court are Petitioner's motions for (1) relief from judgment, (2) leave to file an amended habeas corpus petition, and (3) review under standards in effect before the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted.

## II. Discussion

### A. The Motion for Relief from Judgment

Petitioner alleges in his motion for relief from judgment and in his amended habeas petition that he continues to suffer collateral consequences from his felonious assault and CCW convictions in that the Michigan Parole Board has used his expired convictions to deny him parole in his manslaughter case. Consequently, alleges Petitioner, the Court mistakenly concluded in its dispositive opinion that his sentencing claims were moot.

#### 1. Second or Successive Petitions

Petitioner brings his motion for relief from judgment under Federal Rule of Civil

Procedure 60(b)(6), which provides that, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason justifying relief from the operation of the judgment." Courts occasionally treat motions under Rule 60(b)(6) as second or successive habeas petitions requiring pre-certification under 28 U.S.C. § 2244(b)(3).[1] The Supreme Court, however, recently held that

> a Rule 60(b)(6) motion in a § 2254 case is *not* to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).

*Gonzalez v. Crosby*, __ U.S. __, __, 125 S. Ct. 2641, 2651 (2005) (emphasis added).

This Court did not decide the merits of Petitioner's sentencing claims; instead, it found that those claims were moot because the sentences were fully served and Petitioner was not suffering any collateral consequences from the sentences. Petitioner's motion for relief from judgment attacks the Court's conclusion that his sentencing claims were moot. Because he is not presenting a "claim," nor attacking the Court's resolution of a claim *on the merits*, his Rule 60(b) motion should not be treated like another habeas corpus petition. *Id*. at 2648. The Court will proceed to address Petitioner's motions rather than transfer the motion for relief from judgment to the Court of Appeals as a potential second or successive habeas petition.

### 2.  The Merits of Petitioner's Motion

The Court believes that Petitioner is not entitled to relief from judgment for two reasons.

---

[1] Section 2244(b)(3) of Title 28, United States Codes, provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

First, the motion was not brought "within a reasonable time" as required by Rule 60(b). The Court denied Petitioner's habeas petition on June 28, 1996. Petitioner filed the pending motions over nine years later in August of this year, and the facts supporting his motion for relief from judgment and amended habeas petition should have been known to him much earlier. He alleges that the Parole Board denied him release on parole nine times between 1996 and 2005.

Second, Petitioner has not alleged an extraordinary circumstance justifying relief from judgment. Such circumstances rarely occur in the habeas context, *Gonzales*, 125 S. Ct. at 2649, and are not present here. If the Court were to determine that Petitioner's sentencing claims were not moot, the result would be a review of the claims on their merits. Sentencing claims seldom are successful on habeas review, and even if the Court found merit in Petitioner's sentencing claims, he would not necessarily be entitled to the relief he seeks (expungement of the convictions and immediate release from his manslaughter sentence). In other words, the Court would not be required to invalidate Petitioner's convictions even if it determined that his sentences were unconstitutional.

Furthermore, although the Parole Board apparently relied in part on Petitioner's felonious assault and CCW convictions to deny parole, the Parole Board denied parole for several other reasons as well. At its last hearing, the Parole Board cited Petitioner's longstanding history of substance abuse, his unstable social or family history, and his failure to gain insight into the nature of his criminal assaultive behavior as reasons for denying parole.

The Court concludes that Petitioner is not entitled to relief from judgment. His motion was not timely filed, and he has not asserted an extraordinary circumstance justifying the reopening of a final judgment. Accordingly, the motion for relief from judgment [Doc. #108,

Aug. 8, 2005] is DENIED.

## B.  The Motions to Amend and for Review under pre-AEDPA Standards

Petitioner's amended habeas petition raises the same issue that Petitioner presents in his motion for relief from judgment, namely, that Petitioner is suffering collateral consequences from his expired sentences because the Parole Board continues to rely on the underlying convictions.  Petitioner seeks permission to have his amended petition relate back to the date of his original habeas petition to avoid the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

Federal Rule of Civil Procedure 15(c)(2) states that an amended pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  The Supreme Court has interpreted this rule to mean that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *Mayle v. Felix*, __ U.S. __, __, 125 S. Ct. 2562, 2566 (2005).

Petitioner's original pleading attacked his sentences on the grounds that they should have run concurrently with his manslaughter sentence, that the pre-sentence report was inaccurate, and that the sentences were excessive and disproportionate.  As noted above, the amended habeas petition alleges that Petitioner suffers collateral consequences from his expired sentences because the Michigan Parole Board continues to rely on the underlying convictions.  The claims presented in the original habeas petition differ from the claim set forth in the amended habeas petition.         The claims also differ in time.  The original habeas petition challenged events and

decisions that occurred before Petitioner filed his habeas petition. The amended habeas petition challenges decisions made by the Michigan Parole Board long after Petitioner filed his habeas petition.

The amended habeas petition does not relate back and escape the one-year time limit because it asserts a new ground, which is supported by facts that differ in time and type from the grounds presented in the original pleading. Therefore, under *Felix*, the motion for leave to file an amended habeas petition [Doc. #112, Aug. 22, 2005] must be, and is, DENIED. Finally, in light of the decision denying Petitioner's motion to amend his habeas petition, the motion to review the amended petition under pre-AEDPA standards [Doc. #111, Aug. 22, 2005] is DENIED as moot.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 4, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 4, 2006.

s/Jonie Parker
Case Manager